UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2014
```

---

CLIFTON BROWN,

                    Plaintiff,

        -v-

NEW YORK CITY HOUSING
AUTHORITY, *et al.*,

                    Defendants.

No. 13-cv-7599 (RJS) (HBP)
<u>OPINION AND ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

    Plaintiff Clifton Brown, proceeding *pro se* and *in forma pauperis*, brings this action against Police Officers Patrick Kennedy, Keith Roman, and Samantha Smith (collectively, the "Officer Defendants") and the New York City Housing Authority ("NYCHA") asserting claims under 42 U.S.C. § 1983 ("section 1983 claims") for false arrest, false imprisonment, and malicious prosecution, and a claim under Article 78 of the New York Civil Practice Law and Rules ("Article 78 claim").[1] Now before the Court is NYCHA's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

---

[1] As discussed below, the Officer Defendants have not yet been served and have not appeared in the case.

## I. Background[2]

Plaintiff has relatives who reside at the NYCHA-operated James Weldon Johnson Houses (the "JWJH") in Manhattan. (Compl. at 3; Pl. Aff. at 1–2.)  On March 20, 2008, while Plaintiff was on JWJH premises, he was arrested by Officer Kennedy and served with a Trespass Notice, even though he was on the premises for lawful purposes.  (Pl. Aff. at 1; Compl. Ex. 7.) Thereafter and continuing to the present, Plaintiff has been repeatedly harassed and arrested on JWJH property by police officers under the command of the New York City Police Department ("NYPD") Housing Bureau, Police Service Area 5, including Officers Roman and Smith, as well as Officer Robert Dinuzzo, who is not named as a defendant.  (Compl. at 3; Pl. Aff. at 1–3; Compl. Exs. 3–4, 13–16.)  The officers have made these arrests purportedly on the basis of the Trespass Notice issued by Officer Kennedy in 2008.  (Pl. Aff. at 3; Compl. Exs. 3–4, 13–16.) The arrests have resulted in misdemeanor charges against Plaintiff that have been ultimately dismissed.  (Pl. Aff. at 2–3.)  Police officers have also arrested Plaintiff on other NYCHA properties on charges that have been ultimately dismissed. (Pl. Aff. at 4.)

Plaintiff filed the Complaint on October 24, 2013.  (Doc. No. 2.)  On November 8, 2013, the Court issued an Order directing the United States Marshals Service to assist Plaintiff in

---

[2] The background facts are taken from the allegations of the Complaint ("Compl."), the Affidavit in Support of Claim attached to the Complaint ("Pl. Aff."), which the Court deems to be part of the Complaint, and the exhibits attached to the Complaint ("Compl. Ex."), all of which are docketed as part of Doc. No. 2.  On a motion to dismiss, the Court may consider, in addition to the complaint itself, "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint."  *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

effectuating service. (Doc. No. 5.)  On January 27, 2014, the Court referred this matter to the
Honorable Henry B. Pitman, Magistrate Judge, for general pretrial supervision.  (Doc. No. 9.)
On January 8, 13, and 30, 2014, the Marshals Service filed receipts indicating that service was
successfully effectuated as to NYCHA, but not as to the Officer Defendants.  (Doc. Nos. 6, 7, 8,
16.)  In fact, the Officer Defendants still have not been served and have not appeared in this case.
On February 4, 2014, NYCHA filed the instant motion to dismiss, which Plaintiff opposed by
letter dated March 26, 2014.  (Doc. Nos. 12, 13, 14 ("Mem."), 18.)  Plaintiff submitted further
letters to the Court on July 11 and 22, 2014.  (Doc. Nos. 20, 21.)  The July 22, 2014 letter advises
the Court that the Civilian Complaint Review Board ("CCRB") has substantiated Plaintiff's
allegations of police misconduct, and attaches a letter from the CCRB indicating that it intends to
administratively prosecute the police officers involved.  (Doc. No. 21.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, a complaint must "provide the grounds upon which [the] claim rests."  *ATSI
Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  The plaintiff must allege
"enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference that the defendant is liable for the
misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a Rule 12(b)(6)
motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all
reasonable inferences in favor of the plaintiff.  *ATSI Commc'ns*, 493 F.3d at 98.  However, that
tenet "is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  Thus, a pleading that only

3

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. Accordingly, although the Court construes the Complaint liberally because Plaintiff is *pro se*, the Complaint must still contain factual allegations that raise a "right to relief above the speculative level" in order to survive a motion to dismiss. *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

## III. DISCUSSION

NYCHA argues that the Complaint must be dismissed because Plaintiff's section 1983 claims are untimely and because NYCHA cannot be liable for the conduct of police officers not in its employ. (Mem. at 3–4.) The Court finds that Plaintiff's section 1983 claims are not untimely, but that NYCHA must be dismissed as a defendant because it cannot be held liable for any of the conduct alleged in the Complaint.

### A. Statute of Limitations

Section 1983 claims brought in federal courts in New York are subject to a three-year statute of limitations. *Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir. 1980). NYCHA argues that Plaintiff's section 1983 claims are untimely because they arise out of Plaintiff's March 20, 2008 arrest by Officer Kennedy, which occurred more than three years before the filing of the Complaint on October 24, 2013. (Mem. at 3.)

The Court disagrees. Construed liberally, Plaintiff's claims are based not merely on the 2008 arrest, but also on subsequent related arrests by the other Officer Defendants – including a December 2012 arrest by Officer Smith – and imprisonment and criminal prosecution stemming

from those arrests.[3]  Accordingly, Plaintiff's section 1983 claims are not untimely, at least as to any arrests occurring on or after October 24, 2010.[4]

B.  Failure to State a Claim Against NYCHA

The Court is persuaded, however, that NYCHA cannot be held liable for the conduct alleged in the Complaint because it has not employed any police officers since the 1995 merger of the New York City Housing Authority Police Department and the NYPD.  (*See* Doc. No. 13 Exs. B–E.)[5]  Following the merger, the NYPD "assume[d] the functions of the Housing Authority Police Department and [the] uniformed housing police force thereof."  (*See* Doc. No. 13 Ex. B.)

Here, Plaintiff's claims are based entirely on the alleged misconduct of police officers, including the named Officer Defendants.  Since such misconduct cannot be the basis for holding NYCHA liable, NYCHA must be dismissed as a defendant.[6]

---

[3] Plaintiff was also arrested on June 23, 2013 by Officer Dinuzzo, who is not named as a defendant.

[4] Because neither party has briefed the issue and because NYCHA must be dismissed on other grounds, the Court takes no position on whether Plaintiff's section 1983 claims based on the 2008 arrest are timely under a relation back or equitable tolling theory.

[5] Exhibits B through E of Doc. No. 13 are government documents that reflect the 1995 merger of the New York City Housing Authority Police Department and the NYPD.  Exhibit B is the Executive Order signed by Mayor Rudolph Giuliani ordering the merger and is publicly available.  "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

[6] NYCHA may be sued directly if its rules or policies are unlawful in other respects, for example, if they violate the Fair Housing Act or the antidiscrimination provisions of the New York State or New York City Human Rights Laws. *See Davis v. City of New York*, 902 F. Supp. 2d 405, 437 (S.D.N.Y. 2012) (recognizing that NYCHA's rules can be challenged on these, among other, grounds).  The Complaint does not appear to assert any such claims.

IV. SERVICE

Although the Complaint provides the names, badge numbers, and addresses of the Officer Defendants, it appears that the Marshals Service has been unsuccessful in its attempts to effectuate service. (Doc. Nos. 6, 7, 8.) Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant for service of process. 121 F.3d 72, 75–76 (2d Cir. 1997). The Complaint appears to supply sufficient information to permit the New York City Law Department ("Law Department") to identify the Officer Defendants. Accordingly, the Court will order the Law Department to advise the Court whether it is representing the Officer Defendants and, if so, whether they waive service of summons. If the Law Department is not representing the Officer Defendants or if the Officer Defendants decline to waive service, the Court will order the Law Department to provide Plaintiff with the Officer Defendants' full names, badge numbers, and the addresses at which they may be served.

Because the failure to serve the Officer Defendants within the 120 days contemplated by Federal Rule of Civil Procedure 4(m) is not the result of Plaintiff's lack of effort, the Court finds that good cause has been shown to extend the date of service to 90 days after the Law Department provides Plaintiff with the information described above. Fed. R. Civ. P. 4(m). ("[I]f the plaintiff shows good cause for the failure [to timely serve], the court must extend the time for service for an appropriate period.").

V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

(1) Defendant NYCHA's motion to dismiss is GRANTED.   The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. No. 12 and to dismiss NYCHA from this case.

(2) The Clerk of the Court shall serve the New York City Law Department with a copy of this Order.   The New York City Law Department shall, no later than September 5, 2014, advise the Court of whether it is representing the Officer Defendants and, if so, whether they consent to waiver of service.

(3) If the New York City Law Department is not representing the Officer Defendants or if the Officer Defendants do not consent to waiver of service, the New York City Law Department shall, no later than September 5, 2014, provide Plaintiff with: (a) the Officer Defendants' full names, (b) their badge numbers, and (c) the addresses at which they may be served, and notify the Clerk of the Court once this information has been provided. Upon such notification, the Clerk of Court shall send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of the Officer Defendants. The Plaintiff must complete the USM-285 forms and return them to the Court no later than September 26, 2014 so the Marshals Service can effectuate service.   If Plaintiff does not wish to use the Marshals Service to effectuate service, he shall so advise the Court no later than September 26, 2014.   No matter what method of service Plaintiff chooses, he must effectuate service within 90 days of the date on which he receives the Officer Defendants' information from the New York City Law Department.

(4) Once the Officer Defendants have been served, or have waived service, they shall answer

or otherwise respond to the Complaint in conformity with the Federal Rules of Civil

Procedure.

SO ORDERED:

Dated: September 2, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

8