UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _07.20.15_
```

CLIFTON BROWN,

                        Plaintiff,

    -v-

NEW YORK CITY HOUSING
AUTHORITY, *et al.*,

                        Defendants.

No. 13-cv-7599 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Clifton Brown, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 and New York state law against Detective Patrick Kennedy ("Detective Kennedy"), Police Officer Keith Roman ("Officer Roman"), and Police Officer Samantha Smith ("Officer Smith," and collectively with Detective Kennedy and Officer Roman, the "Defendants") for alleged deprivations of his civil rights. Now before the Court is Defendants' motion to dismiss Plaintiff's Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion is granted.

I. BACKGROUND

    On March 20, 2008, Detective Kennedy arrested Plaintiff for selling a controlled substance at the James Weldon Johnson ("J.W.J.") Houses in Manhattan. (Compl. at 3.)[1] The J.W.J. Houses

---

[1] The facts are taken from the Complaint and assumed to be true for the purposes of this Opinion. *See, e.g., Regan v. New York State Local Ret. Sys.*, 406 F. App'x 568 (2d Cir. 2011). Plaintiff also attached to his Complaint the following documents: (1) a NYCHA Trespass Notice dated March 20, 2008, issued to Plaintiff and signed by Detective Kennedy ("Notice"), (2) a sworn complaint from Officer Smith describing her December 10, 2012 arrest of Plaintiff ("Smith Arrest"), (3) a sworn complaint from Officer Roman describing his October 26, 2012 arrest of Plaintiff ("Roman Arrest"), (4) two certificates of disposition indicating that the December 10, 2012 arrest and another arrest on December 17, 2012 had been dismissed ("Dismissals"), (5) a Certificate of Readiness signed by the Assistant District Attorney ("Certificate") indicating that the District Attorney's Office was ready to proceed to trial, (6) two letters from

are the property of New York City Housing Authority ("NYCHA"), a New York state public-benefit corporation. (*Id.*) Shortly after arresting him, Detective Kennedy issued Plaintiff a Notice, pursuant to NYCHA's Trespass Policy for Felony Drug Arrests, which states that the arrestee does not have "permission or authority to enter, occupy, visit upon, or use in any manner the grounds or buildings of <u>any</u> New York City Housing Authority (NYCHA) property in the City of New York, even if [he is] invited to do so." (Notice.) The Notice also states that the arrestee "may be arrested and prosecuted for trespass if [he] is found on NYCHA property in violation of this notice." (*Id.*) Finally, the Notice describes the method by which an arrestee can "challenge this Notice as improper." (*Id.*)[2]

On March 26, 2008, in connection with his March 20, 2008 arrest, Plaintiff pleaded guilty to the criminal sale of a controlled substance in the fourth degree, a Class "C" felony. (Declaration of Joseph Marutollo, dated December 8, 2014, Doc. No. 37 ("Marutollo Decl."), Ex. A, Certificate of Disposition from *People v. Clifton Brown*, Case No. 2008-NY-022075 ("Disposition").)[3] On April 28, 2008, Plaintiff was sentenced to three years' imprisonment. (Disposition.)

---

the Assistant District Attorney to Plaintiff's counsel indicating that he was ready for trial ("Readiness Letters"), (7) a sworn complaint from Officer Dinuzzo describing his June 23, 2013 arrest of Plaintiff ("Dinuzzo Arrest"), and (8) a letter from Plaintiff's aunt stating that she depends on Plaintiff to assist her in light of her age and health issues ("Aunt's Letter"). Accordingly, the Court also considers these attachments in resolving this motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993) ("[A] court reviews the facts alleged in the pleadings" and "documents attached as exhibits" when considering a 12(b)(6) motion to dismiss.). Finally, in ruling on Defendants' motion, the Court also considered Defendants' Memorandum of Law (Doc. No. 38 ("Mem.")), Plaintiff's Opposition (Doc. No. 48 ("Opp.")), and Defendants' Reply Memorandum of Law (Doc. No. 45 ("Rep.")), and the declarations and exhibits attached thereto.

[2] Plaintiff does not make any allegations that the Policy is illegal; he only alleges that the individual defendants deprived him of his civil rights by falsely arresting and maliciously prosecuting him. Accordingly, for purposes of evaluating this motion, the Court will assume that NYCHA's policy is valid and that Plaintiff's exclusion was lawful.

[3] The Disposition may be considered on a motion to dismiss under Rule 12(b)(6) because it is a matter of public record. *See Harris v. Howard*, No. 08-cv-4837 (CM), 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (holding that "arrest reports, criminal complaints, indictments, and *criminal disposition data*" are matters of public record and can be considered in deciding a motion to dismiss under 12(b)(6)) (emphasis added); *see also Barmapov v. Barry*, No. 09-cv-3390 (RRM) (RRL), 2011 WL 32371, at *2 n.3 (E.D.N.Y. Jan. 5, 2011) (considering a guilty plea when evaluating a motion to dismiss).

Plaintiff brings claims based on the fact that he has been arrested four times for trespassing on NYCHA property since his release from prison.  On October 26, 2012, Plaintiff was arrested by Officer Roman.  (Roman Arrest.)  On December 10, 2012, Plaintiff was arrested by Officer Smith.  (Smith Arrest.)  On December 17, 2012, Plaintiff was arrested by an unknown officer. (Dismissal.)  On June 23, 2013, Plaintiff was arrested by Officer Robert Dinuzzo.[4]  (Dinuzzo Arrest.)  Each time, he was at the J.W.J. Houses to visit and/or run errands for his aunt, a resident of the J.W.J. Houses.  (Compl. at 5–6, Aunt's Letter.)  The arresting officers' statements indicate that the only justification for each arrest was trespassing; Plaintiff is not alleged to have done anything illegal other than enter NYCHA property in violation of the Notice.  (Smith Arrest, Roman Arrest, Dinuzzo Arrest.)

Plaintiff instituted this action against Defendants and NYCHA on October 24, 2013. (Compl.)  On September 2, 2014, the Court dismissed Plaintiff's claims against NYCHA because Plaintiff's claims were "based entirely on the alleged misconduct of police officers" and NYCHA cannot be held liable for their alleged malfeasance.  (Doc. No. 23 at 5.)  The remaining Defendants filed their motion to dismiss on February 5, 2015.  (Doc. No. 36.)  The matter was fully submitted on March 25, 2015.

II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[4] Officer Dinuzzo is not a named defendant in this action.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a Rule 12(b)(6) motion to dismiss, a
court must accept as true all factual allegations in the complaint and draw all reasonable inferences
in favor of the plaintiff.  *ATSI Commc'ns*, 493 F.3d at 98.  However, that tenet "is inapplicable to
legal conclusions."  *Iqbal*, 556 U.S. at 678.  Thus, a pleading that only offers "labels and
conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*,
550 U.S. at 555.  If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to
plausible, [his] complaint must be dismissed."  *Id.* at 570.  Although the Court construes the
Complaint liberally because Plaintiff is *pro se*, the Complaint must still contain factual allegations
that raise a "right to relief above the speculative level" in order to survive a motion to dismiss.
*Dawkins v. Gonyea*, 646 F. Supp. 594, 603 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555)
(internal quotation marks omitted).

  In considering a Rule 12(b)(6) motion to dismiss, a court reviews "the facts alleged in the
pleadings" and  "documents attached as exhibits or incorporated by reference in the pleadings."
*Samuels*, 992 F.2d at 15.  To be incorporated by reference, the complaint must make "a clear,
definite and substantial reference to the documents."  *Helprin v. Harcourt, Inc.*, 277 F. Supp. 2d
327, 330–31 (S.D.N.Y. 2003).  A court may also consider documents integral to the complaint as
long as "no dispute exists regarding the authenticity or accuracy of the document" and it is "clear
that there exist no material disputed issues of fact regarding the relevance of the document."
*Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).  Moreover, "[i]t is well established that a
district court may rely on matters of public record in deciding a motion to dismiss under Rule
12(b)(6)."  *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998).

III. Discussion

A. Section 1983 Claims

Plaintiff brings false arrest and malicious prosecution claims against Defendants pursuant to 42 U.S.C. § 1983.  Specifically, Plaintiff alleges that he was falsely arrested on October 26, 2012, December 10, 2012, December 17, 2012 and June 23, 2013.  He also alleges that he was maliciously prosecuted following his December 10, 2012 and December 17, 2012 arrests.[5]

Section 1983 provides a civil cause of action for damages against any person who, acting under color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Duamutef v. Morris*, 956 F. Supp. 1112, 1115 (S.D.N.Y. 1997) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).  To prevail on a claim under § 1983, a plaintiff must demonstrate (1) the deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States (2) by a person acting under the color of state law.  *See id.*  "In order to establish a § 1983 claim . . . , a plaintiff must also show that the defendants were *personally* involved in the unconstitutional conduct."  *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (emphasis added); *see also Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (finding a complaint to be facially defective when the plaintiff failed to allege that "defendants were directly and personally responsible for the purported unlawful conduct").

---

[5] While the Complaint is not entirely clear on this point, it could be argued that Plaintiff also alleges claims of false arrest and malicious prosecution stemming from his March 20, 2008 arrest.  To the extent that he does, the Court dismisses those claims, since by Plaintiff's own admission (Compl. at 5) he pleaded guilty to the crime for which he was arrested.  *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[I]t is clear that with respect to [false arrest and malicious prosecution], a person who has been convicted of the crime for which he was arrested is barred from recovering."

The applicable statute of limitations for § 1983 actions is found in the analogous state statute for personal injury actions. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002). New York has a three year statute of limitations for personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Therefore, "[s]ection 1983 actions filed in New York are . . . subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Although state law determines the statute of limitations for § 1983 claims, federal law determines when the claim accrues. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). In general, § 1983 claims accrue when the plaintiff knows or has reason to know of the injury. *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980). More specifically, false arrest claims accrue at the time of the arrest, *id.*, and malicious prosecution claims accrue when the underlying criminal action is conclusively terminated, *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).

### 1. False Arrest Claims

A § 1983 claim for false arrest, based on the Fourth Amendment right to be free from unreasonable seizures, "is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). To state such a claim, a plaintiff must allege that "(1) the defendants intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). The law is clear that probable cause makes a confinement "privileged" and "is a complete defense to a claim of false arrest." *Weyant*, 101 F.3d at 852.

Plaintiff's false arrest claim against Officer Roman for his October 26, 2012 arrest must be dismissed because it is clear from the Complaint and attachments that there was probable cause to arrest him. Probable cause exists where a police officer "ha[s] knowledge of, or reasonably

trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007). "Moreover, on a motion to dismiss, the question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *Houston v. Nassau Cnty.*, No. 08-cv-197 (JFB) (WDW), 2011 WL 477732, at *5 (E.D.N.Y. Feb. 2, 2011) (citing *Weyant*, 101 F.3d at 852) (internal quotation marks and citations omitted). In reaching its determination, a court must evaluate the totality of the circumstances leading to the arrest "from the perspective of a reasonable police officer in light of his training and experience." *United States v. Delossantos*, 536 F.3d 155, 159 (2d Cir. 2008). The existence of probable cause defeats a claim for false arrest irrespective of whether the arrestee is ultimately found to be innocent. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). Put simply, if an officer has probable cause to believe that an individual has committed or is committing even a minor offense, he may arrest the offender. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 254 (2001) (upholding the custodial arrest of a woman whose children were not wearing seatbelts, a minor traffic infraction, because there was probable cause).

More specifically, the Second Circuit has held that police officers have probable cause to arrest an individual for trespassing if that individual knowingly re-enters property from which he has been lawfully excluded. *Williams v. Town of Greenburgh*, 535 F.3d 71, 78-79 (2d Cir. 2008). In *Williams*, the Second Circuit concluded that the arresting officers had probable cause because "[a] person of reasonable caution who: (1) knew that [the defendant] had been expelled from the [property] and warned not to return without permission and (2) observed [the defendant] return to

the [property], apparently without having obtained that permission, would possess sufficient information to believe that [the defendant] was trespassing." *Id.* at 79.

When he was arrested by Detective Kennedy in 2008, Plaintiff was given the Notice, which clearly stated that he did "not have permission or authority to enter, occupy, visit upon, or use in any manner, the grounds or building of <u>any</u> NYCHA Property," and warned that Plaintiff "may be arrested and prosecuted for trespass if [he is] found on NYCHA property in violation of this notice." (Compl. at 7; Notice.)  On October 26, 2012, Officer Roman, aware that Plaintiff had been issued the Notice forbidding him from entering NYCHA property, observed Plaintiff on NYCHA property.  (Roman Arrest.)  Once Officer Roman confirmed that Plaintiff was not a resident and verified that the Notice still applied, he arrested Plaintiff.  (*Id.*)

The circumstances of Plaintiff's arrest on October 26, 2012 – as reflected in the documents attached to Plaintiff's own pleadings – demonstrate that Officer Roman had probable cause to arrest Plaintiff for trespassing.  Plaintiff does not dispute that he had been issued the Notice, which warned him not to return to NYCHA property without permission, that Officer Roman was aware that he had been issued the Notice, or that Officer Roman observed him at the J.W.J. Houses, which Plaintiff knew were NYCHA property.  Rather, Plaintiff states that he was present on NYCHA property at the request of his aunt[6] and contends, without elaboration or support, that the Notice was delivered inadequately because it was given to him while he was in jail after his March 2008 arrest and was not signed by Plaintiff. (Compl. at 7; Opp. at 1-2.)  Neither of these arguments, however, has any bearing on whether Officer Roman had probable cause to arrest Plaintiff for

---

[6] As noted above, residents of NYCHA property are not authorized to give someone who has received a Trespass Notice permission to enter NYCHA property.  If Plaintiff nonetheless believes he should be permitted to enter NYCHA property, for example, to assist his elderly aunt, then he can seek an Exemption for Special Access from the NYCHA Trespass Coordinator for J.W.J. Houses. *See NYCHA Trespass Policy for Felony Drug Arrests*, available at http://www1.nyc.gov/html/nycha/downloads/pdf/trespass_policy.pdf.

8

trespassing.  On the undisputed facts set forth in (and attached to) the Complaint, it is clear that

Officer Roman had probable cause to believe that Plaintiff was trespassing, *Williams*, 535 F.3d at

79, and was therefore justified in arresting him, *Atwater*, 532 U.S. at 254.  Moreover, the

subsequent dismissal of the trespass charges is irrelevant to a determination of probable cause at

the time of the arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Because Officer Roman

had probable cause to arrest Plaintiff and because probable cause is an absolute defense to false

arrest claims, Plaintiff's false arrest claim based on his October 26 arrest must be dismissed.

Plaintiff also alleges that he was falsely arrested on December 10, 2012 by Officer Smith.

On that day, Officer Smith, also aware that Plaintiff had been issued the Notice, observed Plaintiff

on NYCHA property.  (Smith Arrest.)  Officer Smith asked Plaintiff where he lived and was told

that Plaintiff did not live at the J.W.J. Houses. (*Id.*)  After learning of Plaintiff's October 26, 2012

arrest for trespassing from a computer search, Officer Smith arrested him for trespassing.  (*Id.*)

Like Officer Roman, Officer Smith had probable cause to arrest Plaintiff for trespassing.  Once

again, Plaintiff does not dispute that he was issued the Notice, that Officer Smith was aware of the

Notice, or that she observed him on what he knew was NYCHA property.  Thus, because Officer

Smith had probable cause to arrest Plaintiff, and because probable cause is an absolute defense to

a claim for false arrest, Plaintiff's false arrest claim based on his December 10, 2012 must be

dismissed.

Finally, Plaintiff's false arrest claims arising from his December 17, 2012 and June 23,

2013 arrests must be dismissed because Plaintiff fails to state a claim.  To recover damages in a §

1983 action, a plaintiff must allege that the "defendants were directly and *personally* responsible

for the purported unlawful conduct." *Alfaro Motors*, 814 F.2d at 886 (emphasis added).  Plaintiff

does not identify the arresting officer for the December 17, 2012 arrest and identifies Officer

Dinuzzo, who is not a defendant in the action, as the arresting officer for the June 23, 2013 arrest. (Dismissals, Dinuzzo Arrest.)   Significantly, Plaintiff makes no allegations that Detective Kennedy, Officer Roman, or Officer Smith was involved in these incidents.   Therefore, Plaintiff fails to allege that any of the Defendants were "personally responsible" for any alleged misconduct on December 17, 2012 or June 23, 2013.  *Alfaro Motors*, 814 F.2d at 886.  Accordingly, Plaintiff's claims based on these two arrests must be dismissed.[7]

### 2.  Malicious Prosecution Claims

Plaintiff also alleges that he was maliciously prosecuted following his December 10, 2012 and December 17, 2012 arrests.  "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks and citations omitted).  Further, a plaintiff bringing a § 1983 claim for malicious prosecution must demonstrate "some deprivation of liberty consistent with the concept of seizure."  *Singer*, 63 F.3d at 116.  Just as with false arrest claims, "the existence of probable cause to arrest is a complete defense" to malicious prosecution claims.  *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003); *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

---

[7] Defendants also assert that they are entitled to qualified immunity from Plaintiff's false arrest claims. "Qualified immunity shields government officials performing discretionary functions 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Zellner*, 494 F.3d at 367 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When accused of making a false arrest, an officer is entitled to qualified immunity where (1) it was objectively reasonable to believe probable cause existed or (2) where officers of reasonable competence could differ as to whether probable cause existed. *See Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)). Accordingly, even if the Court were to conclude that Officer Roman and Officer Smith lacked probable cause to arrest Plaintiff, the Court would alternatively conclude that it was objectively reasonable for Officer Roman and Officer Smith to believe that probable cause existed such that they would both be entitled to qualified immunity.

For the reasons stated above, the Court finds that Officer Smith had probable cause to arrest Plaintiff on December 10, 2012.[8]  Accordingly, because Plaintiff has failed to demonstrate "that a proceeding was commenced or continued against him . . . *without probable cause*," his malicious prosecution claim must be dismissed. *Fulton*, 289 F.3d at 195 (emphasis added).

### B. State Law Claims

Plaintiff also appears to allege state law claims against Defendants for false arrest and malicious prosecution.  Federal district courts have supplemental jurisdiction over state-law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  However, if a federal district court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over the related state-law claims. 28 U.S.C. § 1367(c)(3).  In exercising such discretion, district courts must balance the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7. However, "depending on the precise circumstances of a case," the Second Circuit has "variously approved and disapproved the exercise of supplemental jurisdiction where all federal-law claims have been dismissed." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

The Court concludes that the "values of judicial economy, convenience, fairness, and comity" support the exercise of supplemental jurisdiction over Plaintiff's state law claims, notwithstanding the Court's dismissal of Plaintiff's federal law claims.  The issues raised by

---

[8] As noted previously, Plaintiff does not identify the arresting officer for his December 17, 2012 arrest, which forecloses him from bringing a claim based on it. *See Green*, 46 F.3d 189, 194. Therefore, in considering his malicious prosecution claim, the Court will only consider the December 10, 2012 arrest.

Plaintiff's state law claims are far from novel and are identical to those the Court considered in weighing Plaintiff's federal law claims – namely, whether Defendants had probable cause to arrest Plaintiff. *See Winter v. Northrup*, 334 F. App'x 344, 345-46 (2d Cir. 2009) (upholding a district court's exercise of supplemental jurisdiction after it dismissed all federal law claims because the state law claims for false arrest and malicious prosecution were effectively identical to the dismissed § 1983 claims and were not novel). Failing to exercise supplemental jurisdiction, after the Court has already concluded that Defendants had probable cause to arrest Plaintiff, would simply risk wasting a state court's time and resources, and unfairly expose Defendants to liability after a court had already concluded they had probable cause to arrest Plaintiff. Accordingly, the Court retains supplemental jurisdiction over Plaintiff's state law claims for false arrest and malicious prosecution.

Because the Court has already determined – based on Plaintiff's own Complaint and the documents attached thereto – that Defendants had probable cause to arrest Plaintiff, the Court likewise dismisses Plaintiff's state law claims for false arrest and malicious prosecution for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendants' motion to dismiss is granted. The Clerk of the Court is respectfully directed to terminate the motion at docket entry 36 and to close this case.

SO ORDERED.

Dated:     July 20, 2015
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

12